APARTMENT PROPERTIES, INC. *v.* LULEY.

[No. 268A13, 569S97. Filed May 2, 1968. Rehearing denied October 3, 1968. Transfer granted May 2, 1969.]

*C. Severin Buschmann, Donald A. Schabel,* of Indianapolis, for appellant.

*Johnson & Weaver,* of Indianapolis, for appellee.

HUNTER, J.—The appellee, a shareholder in the Port Realty Corporation, brought this action pursuant to Section 37 of the Indiana General Corporation Act, Ind. Ann. Stat. § 25-236 (1968 Supp.), upon the merger of that corporation into the appellant, Apartment Properties, Inc. This statute permits a shareholder who dissents to a corporate merger to petition a trial court to appraise the value of his shares and provides that the surviving corporation must redeem these shares from the dissenting shareholder at this appraised evaluation.

"If any shareholder of any corporation a party to a merger or consolidation who did not vote in favor of such merger or consolidation at the meeting at which the agreement of merger or consolidation was adopted by the shareholders of such corporation, shall, at any time within thirty [30] days after such adoption of the agreement of merger or consolidation by such shareholders, object thereto in writing and demand payment of the value of shares, the surviving or new corporation shall, in the event that the merger or consolidation shall be made effective, pay to such shareholder, upon surrender of his certificates therefor, the value of such shares at the effective date of the merger or consolidation. If within thirty [30] days after such effective date the value of such shares is agreed upon between the shareholder and the surviving or new corporation, as the case may be, payment therefor shall be made

within ninety [90] days after the effective date. If, within thirty [30] days after such effective date, the surviving or new corporation, as the case may be, and the shareholder do not so agree, either such corporation or the shareholder may, within ninety [90] days after such effective date, petition the public service commission of this state, if the corporation be a public utility, or the circuit or superior court of the county in which the principal office of the corporation is located, if the corporation be not a public utility, to appraise the value of such shares; and payment of the appraised value thereof shall be made within sixty [60] days after the entry of the judgment or order finding such appraised value. The practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this state; and the practice, procedure and order before the public service commission upon such petition shall be as prescribed by law and the rules of the commission.

Upon the effective date of the merger or consolidation any shareholder who has made such objection and demand shall cease to be a shareholder and shall have no rights with respect to such shares except the right to receive payment therefor. Every shareholder who did not vote in favor of such merger or consolidation and who does not object in writing and demand payment of the value of his shares at the time and in the manner aforesaid, shall be conclusively presumed to have assented to such merger or consolidation.

This section shall not apply to the shareholders of any corporation which is the surviving corporation in a merger effected pursuant to section 37a [25-236a] of this act."

The appellant filed objections to the proceedings on the grounds that the trial court had no jurisdiction of the subject matter because the appellee had failed to give Port Realty Corporation written objections and a demand for the payment of her shares as required by the above statute. The complaint alleges, and both parties agree, that said written objections and demand were made in a writing which was *addressed* to the appellant, the *surviving corporation*, rather than to the merging corporation of which the appellee was a shareholder. This notice was delivered to and received by Thomas

A. Moynahan, the resident agent of both corporations. The trial court overruled the appellant's objections and appointed appraisers. At this point in the proceedings, the appellant presented this same question to the Appellate Court in an interlocutory appeal. The Appellate Court reversed the decision of the trial court and held that the trial court lacked jurisdiction to entertain the cause of action because the "appellee failed to make and file objections" with the Port Realty Corporation. *Apartment Properties, Inc. v. Luley* (1968), 143 Ind. App. 227, 239 N. E. 2d 403, 411. From this decision, the appellee has filed a petition to transfer with this court.

The Appellate Court, in an extensive discussion, concluded that the written notice and demand required by Ind. Ann. Stat. § 25-236 (1968 Supp.) could only be served on the corporation of which the appellee was a shareholder, and not on the surviving corporation. The statute does not expressly specify which corporation should be served by the dissenting shareholder. However, we do not think this question need be reached in the case at bar, for, in our view, both corporations were served the required notice and demand.

Ind. Ann. Stat. § 2-804(b) (1967 Repl.) provides that process against a domestic corporation may be served upon its resident agent named in its articles of incorporation. If a resident agent is capable of receiving process on behalf of a domestic corporation, he surely is a proper person on whom one can serve other legal notices directed to the corporation. It is undisputed that both the merging corporation and the surviving corporation are domestic corporations and that Thomas A. Moynahan was the resident agent of both corporations. It is further undisputed that the required notice and demand was delivered to Moynahan's office, which was also the principal office of both corporations. The alleged defect in the notice which the Appellate Court found jurisdictional was that the top line of the address which appeared at the top of the notice read "Apartment Prop-

erties, Inc." instead of "Port Realty Corporation." We do not believe that this one line makes the writing any less of a notice to the merging corporation when, in fact, it is delivered to the common resident agent of both corporations.

It follows that a proper notice was given to both corporations and that the trial court properly overruled the appellant's objections to the appointment of appraisers. The appellee's petition to transfer should therefore be granted, and the ruling of the trial court should be affirmed.

DeBruler, C. J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 247 N. E. 2d 71.